IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ROGER SMITH, JR., <br><br> Plaintiff, <br><br> v. <br><br> WHEELER CORRECTIONAL INSTITUTION; RIVERBEND CORRECTIONAL FACILITY; and COFFEE CORRECTIONAL FACILITY, <br><br> Defendants. | CIVIL ACTION NO.: 5:21-cv-27 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff is currently incarcerated at Coffee Correctional Facility. Doc. 1. Plaintiff brings this action, asserting claims under § 1983 for events occurring while he was incarcerated at

---

[1] All allegations set forth here are taken from Plaintiff's Second Amended Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Wheeler Correctional Institution, Riverbend Correctional Facility, and Coffee Correctional Facility.  Id.

Plaintiff alleges in October 2019, while at Wheeler Correctional Institution, he began noticing rectal bleeding.  Id. at 5.  Plaintiff submitted a medical request and was seen by a nurse at Wheeler.  Id.  Plaintiff contends he was improperly evaluated and diagnosed with hemorrhoids and prescribed a cream as treatment.  Id.  Plaintiff states his rectal bleeding continued to worsen, so he placed another sick-call request, which resulted in him being directed to provide stool samples to a nurse at Wheeler.  Id.  However, Plaintiff was never provided the results from those stool samples.

Shortly after providing the stool samples, Plaintiff was transferred to Riverbend Correctional Facility.  Id.  Plaintiff attempted to alert a nurse to his health concerns at intake but was directed to file a Health Service Request.  Plaintiff then filed a Health Services Request, complaining of his rectal bleeding, as well as an infected tooth, and requesting an HIV/AIDS test.  Plaintiff states he received Tylenol and a blood test as a result of his request but did not receive any treatment for his rectal bleeding.  Id. at 6.

Two weeks later, on January 20, 2020, Plaintiff was transferred to Coffee Correctional Facility.  Id.  Plaintiff explains he again sought medical treatment for his rectal bleeding but received none.  Id.  Instead, Plaintiff alleges LPN T. Coley and other medical staff previously ignored his sick-call requests and lied to Plaintiff about appointments and, now, Plaintiff refuses to attend an appointment at medical if LPN Coley is the provider.  Id. at 6–7.  Plaintiff states his medical condition continued to worsen because of the lack of treatment and, despite informally asking LPN Robertson and Moye for medical treatment, he still has not received any.  Id. at 7.

To date, Plaintiff has not received any medical treatment.  Id.  As a result of being denied medical treatment, Plaintiff sues Wheeler Correctional Institution, Riverbend Correctional Facility, and Coffee Correctional Facility in their official capacity.  Id. at 2–3.  Plaintiff does not name any other Defendants.  Plaintiff seeks injunctive and monetary relief.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I.   **Claims Against Entity Defendants**

Plaintiff only names Wheeler Correctional Institution, Riverbend Correctional Facility, and Coffee Correctional Facility as Defendants.  Doc. 1.  To prevail on a civil rights action under § 1983, a plaintiff must show he was deprived of a federal constitutional right by a person acting under color of state law.  See Strange v. JPay Corp., No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020).  While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and jails are generally not considered legal entities subject to suit.  See Grech v. Clayton County, 335 F.3d 1326, 1343 (11th Cir. 2003); Brannon v. Thomas Cnty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit").  Consequently, a prison is not a viable defendant under § 1983.  Mathis v. Ga. State Prison, No. 6:15-CV-122, 2016 WL 183753, at *2 (S.D. Ga. Jan. 14, 2016) ("A prison, such as Georgia State Prison, is a building, not a person, and, therefore, is not a viable defendant under Section 1983."); Parks, 2017 WL 2930832, at *3.  Because Wheeler Correctional Institution, Riverbend Correctional Facility, and Coffee Correctional Facility are state penal institutions, they are not "persons" subject to suit under § 1983.  See Brannon, 280 F. App'x at 934 at n.1; Mathis, 2016 WL 183753, at *2; Parks, 2017 WL 2930832, at *3.  For this reason, I **RECOMMEND** the Court **DISMISS** all claims against Wheeler Correctional Institution, Riverbend Correctional Facility, and Coffee Correctional Facility.

II.   **Leave to Appeal *in Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now.  See Fed. R. App. P.

24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 23rd day of August, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA